FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA C., | NO. 1:25-CV-3111-TOR |
| Plaintiff, | |
| v. | ORDER OF REVERSAL AND REMAND |
| FRANK BISIGNANO, Commissioner of Social Security | |
| Defendant. | |

BEFORE THE COURT is Plaintiff's Motion for judicial review of Defendant's denial of her application for Title XVI disability benefits under the Social Security Act. (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Commissioner's denial of Plaintiff's application for benefits under Title XVI of the Social Security Act is REVERSED and REMANDED for further proceedings.

ORDER OF REVERSAL AND REMAND ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

**STANDARD OF REVIEW**

It is the administrative law judge's (ALJ) job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).  The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error." *Lambert*, 980 F.3d at 1277 (quoting *Treichler.*, 775 F.3d at 1098) (internal quotations omitted).  On that note, it is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected.  *Id.*

The Court reviews the agency's findings to determine whether they are supported with substantial evidence.  *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g).  In this context, the threshold is not high.  *Biestek*, 587 U.S. at 103.  Substantial evidence is present when there is "'more than a mere scintilla.'"  *Biestek*, 587 U.S. at 103.  In other words, "such relevant evidence as a reasonable

ORDER OF REVERSAL AND REMAND ~ 2

mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting *Carmickle,* 533 F.3d at 1162). To effectuate this, the Court reviews the record as a whole to determine whether the error altered the result of the case. *Molina*, 674 F.3d at 1115.

**FIVE STEP SEQUENTIAL EVALUATION PROCESS**

The Commissioner uses a five-step sequential process to decide whether a claimant is considered disabled. 20 C.F.R. § 416.920(a)(1). The Commissioner considers all evidence in the record to make this determination. 20 C.F.R. § 416.920(a)(3). Disability is defined "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). This requires a severe impairment that makes the claimant unable to complete the claimant's past relevant work or any other substantial gainful work. 20 C.F.R. § 416.905(a).

At each step, the Commissioner may find a claimant either not disabled or

ORDER OF REVERSAL AND REMAND ~ 3

disabled.  20 C.F.R. § 416.920(a)(4).  If the claimant is found disabled, then the process stops, and the determination is made.  20 C.F.R. § 416.920(a)(4).  However, step three to four, the Commissioner assesses residual function capacity ("RFC").  *Id.*  Then steps four and five the Commissioner evaluates the claimant's claim.  *Id.*

At step one, the Commissioner considers the claimant's work activity and if the Commissioner decides that the claimant is doing substantial gainful activity, then the Commissioner will find the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(i).  Substantial gainful activity is both substantial and gainful work activity.  20 C.F.R. § 416.972.  Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before.  20 C.F.R. § 416.972(a).  Gainful work activity is work done for pay or profit even if the profit is not realized.  20 C.F.R. § 416.972(b).  Put together, "[s]ubstantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit."  20 C.F.R. § 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s).  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the

ORDER OF REVERSAL AND REMAND ~ 4

Commissioner will deem the claimant as not disabled.  20 C.F.R. § 416.920(a)(4)(ii).

At step three, the Commissioner continues to consider the claimant's medical severity of claimant's impairment.  20 C.F.R. § 416.920(a)(4)(iii).  If the claimant falls under one of the listings in appendix 1, fulfills this subpart, and the durational requirement, then the Commissioner will determine the claimant as disabled.  20 C.F.R. § 416.920(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work.  20 C.F.R. § 416.920(a)(4)(iv).  If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled.  20 C.F.R. § 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education, and work experience to settle on any possible adjustments to other work.  20 C.F.R. § 416.920(a)(4)(v).  If this is possible, then the Commissioner will rule that the claimant is not disabled.  However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled.  20 C.F.R. § 416.920(a)(4)(v).

Once a claimant proves that: "(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her

ORDER OF REVERSAL AND REMAND ~ 5

impairment meets or equals one of the specific impairments described in the regulations", then the claimant must be found disabled. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)). However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ... she is not able to perform any work that she has done in the past.'" *Hoopai*, 499 F.3d at 1074 (quoting *Thomas,* 278 F.3d at 955). After the claimant establishes their prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Thomas,* 278 F.3d at 955).

## ALJ FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on January 12, 2022, alleging an amended onset date of the same. ECF No. 9 at 2. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") in April of 2024. *Id.* The ALJ issued a decision in May of 2024 finding that the Plaintiff was not disabled under the Social Security Act ("SSA"). *Id.*

In step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since January 12, 2022. Tr. 19.

ORDER OF REVERSAL AND REMAND ~ 6

In step two, The ALJ found severe impairments including depressive disorder, posttraumatic stress disorder, anxiety disorder, obesity, chronic liver disease, diabetes mellitus, and migraines.  Tr. 19.  These severe impairments significantly limit the ability for Plaintiff to perform basic work activities.  Tr. 19.

Additionally, the ALJ recognized that Plaintiff had other conditions such as obstructive sleep apnea, strep pharyngitis, dehydration, myofascial pain syndrome, bilateral shoulder bursitis, and lumbar pain.  Tr. 19-20.  The ALJ considered these conditions, either by itself or in combination, but found they caused only mild and transient symptoms and limitations and did not persist for twelve continuous months.  Tr. 30.  Due to the minimal limitation of Plaintiff's ability to perform basic work duties, the ALJ determined these conditions are not severe.  Tr. 20.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the impairments listed in 20 C.F.R. Part 404 Subpart B, Appendix 1.  Tr. 20.  The ALJ analyzed that Plaintiff's headaches, diabetes mellitus, chronic liver disease, and obesity did not meet the requirement.  Tr. 20-21.

Furthermore, the ALJ determined that the requirement was not met for Plaintiff's mental impairments considered by itself or in combination either.  Tr. 21.  Plaintiff was found to have mild limitations in understanding, remembering, applying information and interacting with others.  Tr. 21.  However, Plaintiff has

ORDER OF REVERSAL AND REMAND ~ 7

moderate limitations regarding concentrating, persisting or maintaining pace, and adapting or managing oneself.  Tr. 21- 22.  Regardless, the ALJ found this did not meet the requirement of type or severity of limitation under Paragraph B.  Tr. 22.  Concerning Paragraph C, the ALJ found that the evidence did not establish the presence of Paragraph C criteria.  Tr. 22.

At step four, the ALJ found that Plaintiff's physical and mental impairments could be expected to produce Plaintiff's pain or other symptoms but did not agree that Plaintiff's testimony regarding the intensity, persistence, and limiting effects were consistent with the record.  Tr. 23.  The ALJ provides that Plaintiff alleged she could not work because of constant breakdowns due to her depression, anxiety, and bipolar disorders.  Tr. 23.  Plaintiff's migraines were caused by stress and bending to pick up objects.  *Id.*  Furthermore, Plaintiff claims issues "with memory, understanding, following instructions, getting along with others, handling changes in routine, and handling stress."  Tr. 23.  Moreover, her medications caused side effects that restricted her ability to drive, caused memory loss, dizziness, and sunlight sensitivity.  *Id.*  On appeal, Plaintiff stated her liver condition and pain levels were worse.  Tr. 23.

Additionally, during the hearing, Plaintiff alleged daily migraines but experienced some improvement with medication where the migraines were reduced to only once or twice a week for the previous four months.  Tr. 23.  When

ORDER OF REVERSAL AND REMAND ~ 8

Plaintiff received a migraine, she needed to lie down in a dark room, use an ice pack, take a hot shower, or cry from the pain. *Id.* Plaintiff reported that on her bad days facing depression, she had body pain where she needed to lay down and isolate from others. Tr. 23.

Therefore, the ALJ determined that Plaintiff can perform a full range of work at all exertion levels but with limitations. Tr. 22. Plaintiff "can perform simple and modestly complex tasks consistent with a reasoning level of 3 or less." *Id.* Occasional contact with the public and changes to work routines or processes are tolerated. Tr. 22. However, Plaintiff requires work breaks in 2-hour intervals. Tr. 22. Plaintiff was determined unable to perform any past relevant work. Tr. 30.

At step five, the ALJ, considering Plaintiff's age, education, work experience and RFC, determined that Plaintiff could perform jobs that are in significant numbers in the national economy. Tr. 31. Some of these jobs include small products assembler, marker II, and a bottle packer. Tr. 32. Therefore, Plaintiff does not have a disability, as defined under the SSA, since the application date, January 14, 2022. Tr. 32.

## ISSUES

I.   Whether the ALJ reversibly erred by not properly assessing Plaintiff's allegations.

II.  Whether the ALJ reversibly erred by not properly assessing the medical opinions.

## DISCUSSION

ORDER OF REVERSAL AND REMAND ~ 9

**I.     The ALJ reversibly erred by not properly assessing Plaintiff's allegations.**

Plaintiff contends that the ALJ did not properly assess Plaintiff's allegations and did not provide legally sufficient reasons to discount Plaintiff's allegations of limitations.  ECF No. 9 at 3-4.  However, Plaintiff does not assign issue with the ALJ's determination of Plaintiff's non-severe conditions.  ECF No. 9.

"'The credibility determination is exclusively the ALJ's to make,' and '[w]e are constrained to review the reasons the ALJ asserts.'"  *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (quotations and emphasis omitted).  When the ALJ determines the credibility of a claimant's subjective testimony, the ALJ uses a two-step process.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The first step requires the ALJ to "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir. 2007)).  The claimant only needs to "show that it could reasonably have caused some degree of the symptom."  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter,* 504 F.3d at 1035–36).

The second step states when the ALJ

> determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an

ORDER OF REVERSAL AND REMAND ~ 10

underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.

*Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations omitted).  "The clear and convincing standard is the most demanding required in Social Security cases." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).  Pursuant to this, the ALJ must "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony."  *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted).

Determining the credibility of a claimant's testimony about the severity of symptoms allows considerations including things such as:

(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  However, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective

ORDER OF REVERSAL AND REMAND ~ 11

testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

As previously stated, the ALJ determined that Plaintiff's physical and mental impairments could be expected to produce Plaintiff's pain or other symptoms but did not agree that Plaintiff's testimony regarding the intensity, persistence, and limiting effects were consistent with the record. Tr. 23. Additionally, the ALJ did not make a finding of malingering.

Plaintiff argues that the ALJ did not provide specific, clear and convincing reasons to reject Plaintiff's testimony. ECF No. 9 at 4. Plaintiff contends that her migraines, liver disease, obesity, diabetes, and mental impairments were not accurately considered and that the objective medical evidence is consistent with Plaintiff's testimony. ECF No. 9. Furthermore, Plaintiff brings issue with the ALJ's basis for rejecting Plaintiff's testimony. ECF No. 9 at 4-15.

Defendant argues the ALJ properly discounted Plaintiff's subjective symptom testimony. ECF No. 9 at 3-4. To support this, Defendant states that Plaintiff's allegations of symptoms conflicted with Plaintiff's alleged activities, Plaintiff's improvement in symptoms, and the objective medical evidence. ECF No. 9 at 4-12.

A. Migraines

Plaintiff alleges that the objective medical evidence is consistent with

ORDER OF REVERSAL AND REMAND ~ 12

Plaintiff's testimony.  ECF No. 9 at 4-5.  Plaintiff argues that, despite improvement with treatment, Plaintiff's migraines are beyond employer tolerance.  ECF No. 9 at 5.  Additionally, if Plaintiff's normal MRI was meant to discount allegations, this is not proper because the absence of positive medical evidence cannot be relied upon to discredit a claimant's subjective testimony.  ECF No. 9 at 5-6 (citing *Ferguson v. O'Malley*, 95 F4th 1194, 1201 (9th Cir. 2023)).  Additionally, Plaintiff points to other courts stating that there is not an objective clinical test to prove or corroborate the existence of migraines.  ECF No. 9 at 6.

Furthermore, the ALJ's use of her encouragement to exercise daily does not equal the amount of activity for a single workday.  *Id.*  Even more, the records state that when Plaintiff is experiencing a headache, she must lie down in a dark quiet room and minimize distractions.  ECF No. 9 at 6.  Plaintiff requests remand for disability.  ECF No. 9 at 5.

Defendant argues that Plaintiff's testimony conflicted with the objective medical evidence.  ECF No. 15 at 9.  The ALJ recognized Plaintiff's treatment with Washington Neurology for her migraine headache complaints.  TR. 25.  The ALJ found that Plaintiff's testimony of migraine symptoms was inconsistent with Plaintiff's June 2022 MRI that was unremarkable and provided no intracranial abnormalities.  *Id.*  The ALJ cited Plaintiff's unremarkable physical and mental exam from January 2022 to January 2024 to prove this further.  ECF No. 15 at 9;

ORDER OF REVERSAL AND REMAND ~ 13

Tr. 25. However, in January of 2022, Plaintiff reported experiencing one to two migraines per month. *Id.* Nevertheless, on exam, Plaintiff did not show any "obvious signs of migraine" because Plaintiff could communicate and there were no present abnormalities regarding her strength, cranial nerves, gait, etc. *Id.*

Plaintiff urges that the Plaintiff's frequency of migraines is, as the vocational rehabilitation counselor ("VE") stated, beyond employer tolerances and that alone requires a finding of disability. ECF No. 9 at 4; Tr. 75; 77. The VE stated that anything more than two unexcused absences would not be tolerated. Tr. 75-76. However, the VE clarified this absentee issue was based on her research and experience not the Dictionary of Occupational Titles. Tr. 76. Similarly, in *Hahn v. Kijakazi*, 725 F. Supp. 3d 994, 1012-13 (N.D. Cal. 2024), the VE testimony was similar and suggested that a "typical competitive employer would not tolerate more than two absences per month" and the ALJ's failure to address this moderate limitation was not harmless. The ALJ refers to the frequency of headaches, not the VE's testimony regarding workday requirement or allowances. Additionally, the ALJ did not list this limitation under Plaintiff's RFC. This information, without analysis from the ALJ, supports that the migraines and headaches may result in a more severe limitation. For that reason, considering this could change the ultimate determination of the ALJ's decision, this failure results in a harmful error. *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020).

ORDER OF REVERSAL AND REMAND ~ 14

Additionally, the ALJ's finding that the MRI showing no abnormalities cannot be used to discredit Plaintiff's disability because of the absence of a positive showing. *Ferguson v. O'Malley*, 95 F.4th 1194, 1201 (9th Cir. 2024) ("[T]he ALJ cannot rely on an absence of positive medical evidence to discredit a claimant's subjective symptom testimony."). This is not sufficient to discredit Plaintiff's testimony. While, the ALJ provided some sufficient contradictory evidence, the ALJ's errors could change the outcome of the ALJ's determination. Therefore, they are not harmless.

Furthermore, the ALJ noted Plaintiff's contradictory testimony in a few paragraphs but did not specify which portions conflict with which evidence. Tr. 22-26. As will be discussed, the ALJ did not meet the clear and convincing standard because it is not clear what evidence contradicts which portions of Plaintiff's testimony. This is an error that is consistent throughout the ALJ's consideration of Plaintiff's impairments and RFC capacity. While the summarized portions of claimant's testimony may clearly refer to specific contradictions regarding specific impairments, it is unclear when the ALJ used these contradictions for particular statements or evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours

ORDER OF REVERSAL AND REMAND ~ 15

only to review.”).

B. <u>Liver</u>

Plaintiff states that the ALJ restated some of the liver disease findings and concluded that Plaintiff could perform the RFC without analysis or clear and convincing reasons. ECF No. 9 at 6. Plaintiff continues that the ALJ finding that Plaintiff had “almost no gastrointestinal [GI] complaints” was not backed up by the evidence of nausea, abdominal pain, heartburn, vomit, diarrhea or loose stools, constipation and upset stomach. ECF No. 9 at 7. Plaintiff urges that the ALJ did not consider the symptoms and evidence on Plaintiff’s scans and that the impairment worsened. ECF No. 16 at 7.

Furthermore, concerning Plaintiff’s liver disease, the ALJ considered objective evidence that was consistent with liver disease. Tr. 24. The ALJ noted that Plaintiff “showed almost no gastrointestinal complaints.” Tr. 24. The ALJ stated Plaintiff’s two emergency visits but distinguished that one visit resulted in treatment for strep pharyngitis and dehydration instead. Tr. 24. However, the other emergency visit in December 2023, Plaintiff “exhibited mild epigastric tenderness” but her testing was reassuring and symptoms improved by the time of discharge. Tr. 25. Additionally, Plaintiff received ultrasounds in 2022 that confirmed hepatic steatosis that are consistent with liver disease. *Id.* In January 2024, Plaintiff reported abdominal pain, constipation, and diarrhea but the ALJ

ORDER OF REVERSAL AND REMAND ~ 16

confirmed the physical exam "was entirely unremarkable." Tr. 25.  The ALJ also recognized the absence of other findings such as distention, rebound, or guarding, hepatosplenomegaly, masses, and abnormal bowel tones.  Tr. 24.

While the ALJ stated that Plaintiff did not have many gastrointestinal complaints, the ALJ found that Plaintiff had liver disease and recognized Plaintiff's symptoms.  Tr. 24.  Additionally, the ALJ properly discounted one of the emergency visits for a separate cause.  Nevertheless, the ALJ provided the limitation of breaks at 2-hour intervals to address these symptoms as necessary in Plaintiff's RFC.  Tr. 24.  However, as discussed, the ALJ failed to provide specific testimony references and failed to establish clear and convincing reasons.

C. Obesity

Plaintiff claims that the ALJ's finding that Plaintiff did not specify allegations regarding obesity was also improper.  ECF No. 9 at 7.  Additionally, Plaintiff contends that the ALJ did not properly evaluate Plaintiff's testimony.  ECF No. 9 at 8.

The ALJ found that Plaintiff's body mass index shows a pattern consistent with obesity.  Tr. 25.  However, the ALJ found that the Plaintiff did not allege any specific limitations.  Tr. 26.  The ALJ recognized that Plaintiff showed ability to move without assistance or difficulty.  *Id.*  Nevertheless, the ALJ recognized that Plaintiff had a history of occasional hypermobility of fingers, elbows, and knees,

ORDER OF REVERSAL AND REMAND ~ 17

with some tenderness in muscles and joints.  *Id.*  However, the ALJ did not find that this imposed a significant functional limitation and that the RFC accurately represented Plaintiff's ability.  Tr. 26.

The ALJ recognized Plaintiff's history of joint and muscle tenderness but noted Plaintiff's movement and physical ability.  Tr. 26.  However, the ALJ failed to provide specific testimony references for this impairment.

### D. Diabetes

Plaintiff states that the ALJ erred by stating the general conclusion that Plaintiff retained the capacity to perform as listed in the RFC instead of providing specific testimony to discount.  ECF No. 9 at 8-9.

The ALJ found that Plaintiff manages this impairment with diet and exercise, however, the Plaintiff struggles to monitor sugar levels due to lack of supplies because of insurance coverage issues.  Tr. 25.  Additionally, Plaintiff had 8.0% which is an indication of poor control of diabetes.  *Id.*  In 2023, Plaintiff's glucose levels were elevated.  However, Plaintiff's exams did not show diabetic neuropathy, or retinopathy.  *Id.*  Plaintiff "reported more energetic when she was able to treat her diabetes with medication."  Tr. 25.  The ALJ determined that Plaintiff had severe impairment but that it did not change her RFC.

The ALJ appropriately provided sufficient evidence that Plaintiff can manage her diabetes and noted the insurance problems and times of poorer control.

ORDER OF REVERSAL AND REMAND ~ 18

Tr. 25. "Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing *See* 20 C.F.R. §416.920a(c)(1)). While there was instance of insurance issues, there is no indication that this requires further analysis or consideration. However, as discussed, the ALJ failed to provide specific testimony portions. Therefore, the ALJ did not meet the clear and convincing standard.

E. Mental Impairments

Plaintiff states that the ALJ's reasoning was unsupported. ECF No. 9 at 9. Plaintiff states the ALJ incorrectly found that Plaintiff lacked mental health treatment and the mental status exams as not severe. ECF No. 9 at 9-13.

In an exam in July of 2022, Plaintiff provided symptoms of depression and anxiety, but she was not receiving treatment since her counseling in 2011 to 2012. Tr. 24. Plaintiff reported that she could read for three hours, walk for sixty minutes, stand for thirty minutes, use her computer and rip things for two hours. *Id.* The ALJ noted that Plaintiff's activities were inconsistent with her claims. *Id.*

The ALJ confirmed that the objective medical evidence confirmed diagnoses including major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, and bipolar disorder. Tr. 26. The ALJ found that there were severe mental impairments with intermittent symptoms "of depressed or anxious mood and occasional tiredness." Tr. 27. Also, Plaintiff records show some difficulties

ORDER OF REVERSAL AND REMAND ~ 19

with conversation, processing, and serial subtractions.  Tr. 27.  With this, the ALJ determined that Plaintiff can perform a limited range of work.  Tr. 27.

Plaintiff states that the ALJ's reasoning that Plaintiff did not seek treatment without considering possible reasons for this, is not a sustainable basis.  ECF No. 9 at 9.  While this may be true, the ALJ provides other sufficient reasons, such as inconsistency with activities, to discount Plaintiff's reports.  ECF No. 15 at 4-7. While Plaintiff's activities will be further discussed, Plaintiff's activities are a sufficient basis to discount testimony.

Furthermore, Plaintiff states that the ALJ did not provide clear and convincing reasons to deny these claims.  ECF No. 9 at 9-10.  While the ALJ summarized Plaintiff's evidence, the ALJ stated that "the lack of treatment and her reports of activities are again inconsistent with the level of disability asserted in the claimant's application."  Tr. 24.  However, the ALJ should note which portions the ALJ finds inconsistent with these portions rather than summarizing Plaintiff's claims altogether.  *Brown-Hunter*, 806 F.3d at 494 (stating that summarizing evidence is not sufficient).  Therefore, while the ALJ has substantial evidence for the ALJ's determination, without clear and convincing reasons with testimonial portions, the Court cannot accurately confirm this.

F.  Activities

The ALJ provided that Plaintiff's activities are inconsistent with Plaintiff's

ORDER OF REVERSAL AND REMAND ~ 20

alleged severity of symptoms.  ECF No. 15 at 4-5.  The ALJ may discredit a claimant's testimony based on the claimant's daily activities.  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Even if the claimant experiences some difficulty or pain, [his] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'") (quoting *Molina*, 674 F.3d at 1113).  Plaintiff alleged she regularly provided care for her gerbils, could prepare simple meals for herself by following recipes, and with reminders she could take care of her personal hygiene and complete household chores such as laundry and dishes.  Tr. 23.  Additionally, Plaintiff used public transportation and could go shopping in stores, pay bills, count change, play video games and do puzzle books.  Tr. 23.  Plaintiff regularly went to church, the store, and medical appointments.  Tr. 24.  Plaintiff would engage with others by telephone or videochat.  Tr. 23-24.  Also, Plaintiff could walk two miles before needing rest and did not allege any difficulties regarding postural movements, lifting, standing or sitting.  Tr. 23.

Additionally, the ALJ found that Plaintiff's reports to the consultative examiner in April 2022 were inconsistent.  Tr. 24.  For example, Plaintiff states that "her symptoms were under control and not treated."  *Id.*  Concerning Plaintiff's liver disease, Plaintiff described only intermittent pain if she ate carbs or sugar.  Tr. 24.  Furthermore, Plaintiff faced intermittent locking of her joints,

ORDER OF REVERSAL AND REMAND ~ 21

particularly in cold weather but her pain was better when participating in physical therapy and hot showers.  Tr. 24. As for Plaintiffs migraines, she claimed they occurred only intermittently and improved with medication.  Tr. 24.  Furthermore, Plaintiff's diabetes was asymptomatic and stable with medication.  Tr. 24.

While the ALJ provided examples for contradiction of the severity, however, the Plaintiff takes issue with the ALJ's failure to provide references to specific testimony of Plaintiff that contradicts the discussed evidence and activities.  ECF No. 9 at 4-15.  Defendant appears to focus on the reasons and references provided for contradiction but not where the ALJ provided evidence of Plaintiff's testimony at issue.  ECF No. 15 at 5-7.  The Court must review all pages of the ALJ's decision. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022).

While the ALJ provided references and citations, the ALJ did not provide which portions of her testimony conflicted with which reported activities.  Tr. 23. A summary of Plaintiff's testimony without clear connection to the contradictory activities or evidence is not enough.  The ALJ must provide identification of Plaintiff's testimony that is not credible *and* provide evidence that contradicts it. *Lambert*, 980 F.3d at 1277 (stating that the ALJ must describe claimant's testimony that the ALJ finds as not credible and identify the evidence that undermines that testimony); *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).  The Court cannot clearly determine which portions apply to which reasons.

ORDER OF REVERSAL AND REMAND ~ 22

*See Patrece M. G. v. O'Malley*, 2024 WL 2293004, at \*7 (E.D. Wash. May 21, 2024); *Lambert*, 980 F.3d at 1277 (9th Cir. 2020) (stating the ALJ's duty to provide clear and sufficient reasons is essential for the Court's review of the basis of an administrative order, particularly where in the record that basis is exhibited). Therefore, this does not meet the clear and convincing standard.

G. Plaintiff's Reports to Providers

Next, Defendant contends that Plaintiff's testimony to providers was inconsistent with her reports of symptoms. However, Defendant focuses on when Plaintiff improved, not her initial reports or references. ECF No. 15 at 8. Defendant recognized one portion of the ALJ's report that Plaintiff stated her liver impairment was worse. ECF No. 15 at 8. However, this is one portion in the summarized list of her testimony. Regardless, for the same reasons as previously discussed, this does not meet the clear and convincing standard.

**II.     The ALJ properly assessed the medical opinions.**

Under 20 C.F.R. § 416.920c, the ALJ's guidelines for how to consider and articulate medical opinions and prior administrative medical findings are established. The new regulations focus on supportability and consistency when evaluating the persuasiveness of an opinion. *Woods*, 32 F.4th at 791. Supportability "means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32

ORDER OF REVERSAL AND REMAND ~ 23

F.4th at 791-92 (quoting 20 C.F.R. § 404.1520c(c)(1)).  On the other hand, "consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).  While these refer to 20 C.F.R. § 404.1520c, the language is essentially identical for 20 C.F.R. § 416.920c.  Essentially, the ALJ must explain the persuasiveness of all the medical opinions from each physician or possible other source.  *Woods*, 32 F.4th at 792.  Additionally, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods*, 32 F.4th at 792.

Furthermore, Plaintiff brings issue with the ALJ's assessment of the medical opinions.  ECF No. 9 at 14-21.

A. T. Linstad, ARNP

Plaintiff states that the ALJ's determination for discounting this medical opinion was incorrect and the ALJ harmfully erred.  ECF No. 9 at 16.  ARNP Linstad stated Plaintiff's migraines were unpredictable but managed with only one or two migraines a month.  Tr. 28.  ARNP Linstad confirmed that Plaintiff could miss work one to two times a month.  Tr. 28.  The ALJ did not find ARNP Linstad's opinion persuasive because the file does not list this provider as the treating physician, instead it lists Tony Lee M.D. as the provider.  Tr. 29.

ORDER OF REVERSAL AND REMAND ~ 24

However, the records state that while Plaintiff complains of headaches, but that symptoms improved with medication.  Tr. 29.  Also, Plaintiff exhibited normal communication, normal mental status, and normal cranial nerve responses.  *Id.* The ALJ stated that the opinion was not supported by Plaintiff's hearing testimony that she could manage her headaches with medication.  Tr. 29.

The ALJ finding that ARNP Linstad did not treat Plaintiff is not an unreasonable interpretation.  Furthermore, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  While Plaintiff states evidence that shows ARNP Linstad treated Plaintiff, this does not change the reasonability of the ALJ's determination.  Therefore, the ALJ did not err.

Next, Plaintiff explains that the ALJ improperly found this medical opinion as unsupported because a failure to specify clinical findings regarding a migraine disorder is not abnormal.  ECF No. 9 at 17.  This issue was discussed previously, and migraines as an impairment must be reconsidered.

B. <u>M. Adams, ARNP</u>

Plaintiff finds issue with the ALJ's determination of ARNP Adams' opinion. ECF No. 9 at 18-19.  ARNP Adams stated Plaintiff's conditions included diabetes, bipolar disorder, anxiety, and migraines.  Tr. 29.  Additionally, ARNP Adams

ORDER OF REVERSAL AND REMAND ~ 25

concluded had an average of eight migraines per month that lasted around three to four hours each.  Tr. 29.  The ALJ did not find this opinion persuasive.  Tr. 29.  The ALJ found, as the ALJ did with ARNP Linstad, that the records are not signed by ARNP Adams.  Tr. 29.  Additionally, the ALJ stated that Plaintiff's records show one to two headaches a month, not eight.  *Id.*  Therefore, the ALJ found this record was inconsistent and not persuasive.  *Id.*

Similarly, the ALJ found that there were no clinical records from ARNP Adams because the records were unsigned.  ECF No. 9 at 18.  For the same reason as ARNP Linstad, the ALJ's interpretation is reasonable that ARNP Adams's opinion is not persuasive because the records are not signed with ARNP Adams's name and therefore must not be disturbed.

C. E. Shadrach, Psy.D.

Plaintiff states the ALJ erred when deciding that Dr. Shadrach's opinion was not sufficiently supported because Plaintiff acted appropriately.  ECF No. 9 at 20.  The ALJ found Dr. Shadrach's opinion partially persuasive.  Tr. 28.

Dr. Shadrach opined that Plaintiff could follow and understand easy and moderately complex instructions.  Tr. 28.  However, Plaintiff "had an inconsistent ability to maintain concentration and to employ working memory reliably.  Tr. 28.  Dr. Shadrach continued that she could interact with coworkers but her "preoccupation with the effects of her mental illness [may be] off-putting."  Tr. 28.

ORDER OF REVERSAL AND REMAND ~ 26

Nevertheless, Dr. Shadrach believed that Plaintiff's ability to maintain persistence and concentration within a part-time setting with restricted conceptual demands and flexible schedule was possible.  Tr. 28

The ALJ deduced that Dr. Shadrach's opinion that Plaintiff needed extra time for proceeding, had difficulties with serial 7 subtractions, and reports of isolating behavior support an indication of limitations in the identified areas.  Tr. 28.  However, the ALJ recognized contradictory support for Dr. Shadrach's opinion regarding Plaintiff's severity because Plaintiff demonstrated the ability to interact appropriately and exhibited intact memory.  Tr. 28.

Plaintiff states Dr. Shadrach focused on Plaintiff's limitations in concentration and persistence not social or memory impairment.  ECF No. 9 at 20.  Plaintiff continues that Dr. Shadrach's opinion is not inconsistent with the evidence.  ECF No. 9 at 20-21.

The ALJ recognized that Plaintiff acted appropriately and demonstrated intact memory.  Tr. 28.  This is a reasonable conclusion because the ALJ found it contradicted with evidence that the ALJ referenced and even recognized Plaintiff's "intermittent tiredness, irritable mood, and difficulty with conversation."  Tr. 28.  This found a stronger limitation in areas than what Dr. Shadrach suggested.  Therefore, this was addressed in the RFC limiting Plaintiff to only occasional

ORDER OF REVERSAL AND REMAND ~ 27

contact with the public was tolerable.  Tr. 22.  This conclusion is supported by the evidence.

D. <u>State Agency Sources</u>

Plaintiff states that the ALJ erred because the ALJ did not articulate the supportability factor.  ECF No. 9 at 21.  The ALJ did not consider the medical evidence of the record and failed to explain why the ALJ did not include Dr. G's finding or Dr. Anderson's finding of a greater limitation.  ECF No. 9 at 21.

The ALJ found prior administrative medical findings were partially persuasive.  Tr. 30.  The ALJ confirms that Drs. Anderson and G's assessments that Plaintiff could perform "both simple and complex tasks and sustain full-time work" were consistent with their examinations of mental status showing unremarkability and normal memory, language, attention, concentration, speech, and fund of knowledge.  Tr. 30.  However, the ALJ did not find their opinions consistent with "other evidence of intermittent anxious mood, fidgety behavior, difficulty following a conversation due to tiredness, and need for extra processing time."  Tr. 30.

The ALJ specified which parts of their opinions they found persuasive and which parts they did not.  Tr. 30.  The ALJ cited to the relevant parts of the objective evidence and how these opinions were consistent with the RFC determination.  Tr. 30.  Furthermore, while the ALJ's decision could benefit from

ORDER OF REVERSAL AND REMAND ~ 28

additional analysis and explanation, the analysis was not bare and provided

sufficient contradictory examples and reasons.

Plaintiff requests that this case be remanded for an award of benefits.  ECF

No. 9 at 4, 22.  Remand for immediate award of benefits is appropriate

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)*; See also Benecke v.*

*Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted).  The ALJ did not

meet the clear and convincing standard for rejecting Plaintiff's testimony and this

requires the ALJ to provide sufficient reasoning with reference to Plaintiff's

testimony that contradicts the specific evidence.  Therefore, the record is not fully

developed, and further proceedings are appropriate.  The district court may not rely

on reasons not provided by the ALJ and there are issues to be resolved.  Therefore,

an order to remand to complete the record is appropriate.  *Benecke*, 379 F.3d at 593

("Remand for further administrative proceedings is appropriate if enhancement of

the record would be useful.").

Upon remand, the ALJ shall, reassess accordingly based on this Order,

provide clear and convincing reasons with references to Plaintiff's testimony and

ORDER OF REVERSAL AND REMAND ~ 29

relevant medical evidence, and conduct the sequential evaluation to issue a new decision with sufficient articulated reasons as provided under 20 C.F.R. § 416.920c.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 9) is **GRANTED in part.**

2. Pursuant to 42 U.S.C. § 405(g), this action is **REVERSED and REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Plaintiff, furnish copies to counsel, and **CLOSE** the file.

DATED March 2, 2026.

THOMAS O. RICE
United States District Judge

ORDER OF REVERSAL AND REMAND ~ 30